# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-cv-1012 |
| INGRAM'S NURSERY AND LANDSCAPING INC., | ) ) ) ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 4). As explained herein, Plaintiff's Motion for Default Judgment is Denied.

### BACKGROUND

On January 13, 2013, Plaintiff filed its Complaint (Doc. 1) alleging that the action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, ("ERISA") as amended, 29 USC Section 1132 (e)(1) and (2) and 1145, and Section 301 (a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 USC 185 (a), and 28 USC Section 1331. Plaintiff alleges that Defendant was obligated to make contributions to Plaintiff in accordance with collective bargaining agreements and other agreements entered into between Defendant and the International Union of Operating Engineers Local 841. (Doc. 1 at 1-2). Defendant was delinquent in performing its obligations, which resulted in Local 841 filing an action in the United States

District Court for the Southern District of Indiana entitled *John Ballard, et al. v. Ingram's Nursery and Landscaping Inc.*, No. 12-cv-282-SEB-DML. Judgment was entered against the Defendant in that action the and the matter was transferred here to the United States District Court for the Central District of Illinois for enforcement of judgment and resulted in a Settlement Agreement Promissory Note and Installment Agreement (the "Agreement") between Plaintiff and Defendant for amounts due under the judgment rendered by the United States District Court in Indiana.

The Agreement required the Defendant to make payments to the Plaintiff totaling $17,232.99 with interest of 9% per annum at the rate of $1,027.05 per month commencing June 30, 2013, and on the 30th day of each month thereafter through November 30, 2014. Under the terms of the agreement the Defendant made two payments to Plaintiff on June 26, 2013 and July 28, 2013. Thereafter Defendant failed to make any further payments required under the terms of the Agreement, thereby breaching the Agreement and causing Plaintiff to bring this cause of action. Plaintiff contends Defendant is in default in the principle sum of $15,178.89 plus the agreed upon interest of 9% per annum from August 30, 2013, to present which is a period of 126 days at a daily interest rate of $3.74 or a total of $471.24 in interest.

The docket in this case reflects that the Defendant's registered agent, Timothy Ingram, was served a Summons and copy of the Complaint on January 24, 2014. (Doc. 3). The Defendant's answer or otherwise responsive pleading was due on February 14, 2014. Nothing has been filed. Plaintiff filed the instant Motion for

Default Judgment (Doc. 4) on March 21, 2014. Thus, Defendant was served with the Complaint but has failed to respond or otherwise defend this action, and has accordingly been found in default. (April 8, 2014 Text Order). The Clerk of Court entered default on April 8, 2014.

## DISCUSSION

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Defendant's default on the Complaint was entered on April 8, 2014. Accordingly, Defendant is liable to Plaintiff under Settlement Agreement Promissory Note and Installment Agreement for its failure to make the required payments, as alleged in the Complaint.

Plaintiff requests damages in the amount of $15,660.13[1] (Doc. 1 at 2) plus attorneys' fees and costs in the amount of $1,164.00. (Doc. 19 at 2). To support the attorneys' fees and costs figures, Plaintiff has submitted his own affidavit. (Doc. 19-1). Unfortunately, after reviewing the Complaint and motion, the Court is unable to award Plaintiff any of its requested amounts.

While liability may be established from the well-pleaded facts of a complaint, a plaintiff must still show it is entitled to the amount of damages it seeks. *Dundee Cement*, 722 F.2d at 1323. Default judgment may not be granted without a hearing

---

[1] Plaintiff asks for a different amount in its motion but has not presented any calculation substantiating that amount. Therefore, the Court is taking the amount referenced in the Complaint.

3

on damages unless the amount of damages claimed is "capable of ascertainment from definite figures in the documentary evidence or in detailed affidavits." *Id*. These damages must be ascertained with "reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

While Paragraph 5 of the Complaint sets out factual detail of the obligations arising under Agreement, the Court cannot be satisfied that the requested damages have been ascertained with "reasonable certainty" unless Plaintiff provides the Court with documentary evidence or affidavits. *See In re Catt*, 368 F.3d at 793. Apparently, Plaintiff intended to provide the Court with a true and correct copy of the Agreement, but it has failed to do so. (*See* Doc. 1 at ¶4). Also, while Plaintiff attached an affidavit concerning costs and attorneys' fees, it did not attach an affidavit establishing the principal amount and interest due under the Agreement.

As to attorneys' fees, the Court cannot award them in the absence of legal authority.[2] The general rule is that attorneys' fees are not usually awarded to a victorious party. *See Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1107 (7th Cir.1990) ("It is true that the right to recover costs, including attorney fees, is statutory in nature and to the extent that a statute does not authorize recovery of specific costs, they are not recoverable."). Plaintiff's Complaint and motion seeks attorneys' fees, but does not give any legal justification for their award. And without such legal justification, the award of fees would be improper.

When a court finds in favor of a plan under 29 U.S.C. § 1145, the plan can be awarded 1) the unpaid contributions; 2) any interest owed on unpaid contributions;

---

[2] There is no allegation in the Complaint that attorneys' fees and costs are even authorized under the Agreement.

4

3) the greater of either the interest owed on unpaid contributions or the liquidated damages for which the plan provides; 4) reasonable attorneys' fees and costs of litigation; and 5) any other legal or equitable relief the court finds appropriate. 29 U.S.C. § 1132(g)(2). But this action arises under the violation of the Settlement Agreement Promissory Note and Installment Agreement, not 29 U.S.C. § 1145. Thus to award the requested attorneys' fees, the Court would have to first review the Agreement and determine whether Plaintiff is indeed entitled to them.

The Court cannot <u>award</u> costs either. While Federal Rule of Civil Procedure 54 allows costs to prevailing parties, it is the clerk, not the Court, who may tax costs upon proper notice. Pursuant to this Court's Local Rule 54.1 (B), such prevailing party is to file a Bill of Costs with Form AO-133 as a summary. That form is available at http://www.ilcd.uscourts.gov/forms/all-forms. Again, if the Settlement Agreement provides for costs and attorneys' fees, then the Court will award them. Otherwise, default judgment will be entered and Plaintiff can follow the procedure above to recover costs.

## CONCLUSION

Plaintiff has not adequately supported its request for damages, costs and attorneys' fees. Therefore, Plaintiff's Motion for Default Judgment (Doc. 4) is DENIED. Plaintiff is given leave to file supplementary materials and briefing within fourteen (14) days, otherwise the Court will set the matter for a hearing on damages. IT IS SO ORDERED.

Entered this 14th day of April, 2014.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge